# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**LINDA LACEY,**

                Petitioner,

     v.                                                                        Case No.     05-C-0496

**ANA BOATWRIGHT,**
**Warden, Taycheedah Correctional Institution,**

                Respondent.

## DECISION AND ORDER

Linda Lacey ("Lacey") is currently imprisoned at the Taycheedah Correctional Institution in Fond du Lac, Wisconsin. Lacey is serving a term of life imprisonment for first-degree intentional homicide and 30 years imprisonment (followed by twenty years of extended supervision) for attempted first-degree intentional homicide. Before the Court is Lacey's § 2254 petition for Rule 4 review and her request to proceed *in forma pauperis* (IFP).[1]

Lacey raises five grounds for relief in her instant petition. First, she alleges that the search warrants issued against her were deficient and resulted in an unconstitutional search and seizure. As factual support for this ground, Lacey states that the search warrants

---

[1] The Court received Lacey's petition on May 3, 2005. By Order dated May 11, 2005, the Court, having difficulty distilling information from this filing, required Lacey to submit a completed copy of the Court's standard Section 2254 form. This latter form was received by the Court on June 14, 2005.

authorizing the search of her residence and car contained an incorrect address (not her own) and were not signed by a judge. She maintains that, insofar as the warrants were flawed, the evidence obtained from her house and car were inadmissible at trial.

Second, Lacey claims ineffective assistance of counsel. Reading her petition broadly, Lacey alleges that her counsel failed to obtain discovery from the state or to contest the legality of the search warrants issued against her. Additionally, counsel failed to question the chain of custody of certain evidence and "ignored" the presence of a sleeping juror during her trial.[2]

Third, Lacey alleges that the prosecution failed to disclose evidence favorable to her case. Specifically, she claims that the prosecutor failed to compare fingerprints taken from the crime weapon with the fingerprints of the individual whom Lacey believes committed the crime.

Fourth, Lacey claims that the evidence against her was insufficient to support a guilty verdict.

Though not listed as a separate, fifth ground, Lacey also alleges a violation of her right to a speedy trial.

---

[2] Lacey's petition also states that her attorneys did not defend her to the best of their ability and "ignored everything." These comments are vague and conclusory; they do not constitute supporting facts. *See* Rules Governing Section 2254 Cases in the United States District Courts, Rule 4, advisory committee's note, 1976 adoption ¶ 3 (explaining that "notice pleading" is not sufficient for § 2254 petitions, which must state facts to establish a real possibility of constitutional error).

2

The Court will first consider Lacey's motion to proceed IFP, since the petition for a writ of habeas corpus cannot move forward without the payment of the filing fee or leave to proceed IFP. To authorize a litigant to proceed IFP, the Court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action; and, second, whether the action warrants dismissal because it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(a)(1) & (e)(2).

The Court has reviewed Lacey's application to proceed *in forma pauperis* as well as the attached print-out of her prison trust account statement and is satisfied that she lacks the funds to pay the costs associated with commencing this action. The Court now proceeds to the second prong of the IFP analysis and inquires whether Lacey's action warrants dismissal because it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(a)(1) & (e)(2).

Based on Lacey's petition, taken as a whole, the Court cannot say that her action is entirely malicious or frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(I). Her petition contains some claims which, if meritorious, may afford her relief. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Finally, the nature of Lacey's petition renders moot any question of the respondent's immunity from monetary damages. *See* 28 U.S.C. § 1915(e)(2)(B)(iii). Accordingly, the Court finds that Lacey qualifies for IFP status. The Court now analyzes Lacey's petition

3

under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

Section 2254(a) of Title 28 of the United States Code states that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Upon review of her petition, the Court is satisfied that Lacey is "in custody" pursuant to the conviction she now challenges.

Pursuant to 28 U.S.C. § 2254(b)(1)(A), a habeas petition will not be granted until the petitioner has first exhausted available remedies in state court. Lacey must establish that she has "fully and fairly presented [her] claims to the state appellate courts, thus giving the state courts a meaningful opportunity to consider the substance of the claims" that she brings in her habeas petition. *See Bintz v. Bertrand*, 403 F.3d 859, 863 (7th Cir. 2005). She must have submitted her claims to one complete round of state court review. *Id*.

This Court has reviewed the state court dockets in Lacey's criminal cases as well as those copies of court documents that she filed with her petition. These submissions indicate that a jury found Lacey guilty of first-degree intentional homicide and attempted first-degree intentional homicide. Before filing her direct appeal, Lacey filed some type of postconviction motion(s) on September 11, 2003. By order of the circuit court dated September 15, 2003, those motions were denied.[3]

---

[3]Attached to Lacey's petition are various papers, including a motion file-stamped July 11, 2003, by the Buffalo County Circuit Court. This motion, entitled "Motion to Cancel all Pervious [sic] Motions for Notice to Pursue Postconviction Relief and Re-Motion (De Nova) [sic] for Entry of Postconviction Motion to Persue [sic] Relief, and Habeas Corpus, Corpus Delicti," lists six grounds for relief: (1) double jeopardy; (2) ineffective assistance of counsel; (3) no sufficiency of evidence to convict; (4) failure to disclose evidence by prosecution; (5) violation of civil rights; and

4

Subsequently, in an unpublished opinion dated June 29, 2004, a Wisconsin court considered six arguments on direct appeal of Lacey's conviction: "(1) [Lacey's] double jeopardy rights were violated; (2) the trial court erred by sentencing her without making a finding of extended supervision eligibility; (3) the trial court erred by sentencing her without first determining a restitution amount; (4) her speedy trial right was violated; (5) evidence should have been suppressed because of defective search warrants; and (6) her trial counsel was ineffective." *State v. Lacey*, Appeal Nos. 03-2854-CR, 03-2855-CR, at 2 (Wis. Ct. App. June 29, 2004). While correcting a technical error in Lacey's judgment, the appellate court nevertheless affirmed the trial court's judgments and order. By order dated September 16, 2004, the Supreme Court of Wisconsin denied Lacey's petition for review.

Lacey makes reference to two other petitions, one filed with the state appellate court on November 28, 2003, and another filed with the Supreme Court of Wisconsin on July 27, 2004. Lacey has not fully explained the nature of these petitions or supplied copies of those decisions. The Court also cannot match those claimed filings with any entries on Lacey's state court dockets.

The Court is confident that three grounds in Lacey's petition have been exhausted: her claimed Fourth Amendment violations related to the search warrants issued in her case, her claim of ineffective assistance of counsel, and the denial of her right to a speedy trial. Lacey's remaining two grounds–failure of the prosecution to disclose evidence and

---

(6) no corpus delicti. Though not entirely clear, these issues appear to have been addressed by the circuit court in its September 15, 2003 order.

5

insufficiency of the evidence resulting in her conviction–seem to have been raised by her in a post-conviction motion filed in July of 2003 and ruled on by the circuit court on September 15, 2003. However, based on the record before it, the Court does not know whether Lacey appealed the circuit court's decision.

Lacey must inform the Court whether she has exhausted the above two claims (failure of the prosecution to disclose evidence and insufficiency of the evidence resulting in her conviction) by asserting them through one complete round of state review. If she has exhausted these claims, Lacey should notify the Court accordingly. Once this information is received, the Court will complete its Rule 4 review. If Lacey has not exhausted these claims, she has three courses of action that she may pursue:

(1) inform the Court that she does not wish to pursue these claims and wishes only to proceed on her exhausted claims; or

(2) inform the Court that she wishes to proceed on all of her claims;[4] or

(3) if Lacey has failed to raise her claims in state court and is no longer able to do so, she may still obtain federal habeas relief by showing cause and prejudice for her default, or by showing that a failure to grant her relief would work a fundamental miscarriage of justice. See *Moore v. Casperson*, 345 F.3d 474, 484 (7th Cir. 2004) (quotation omitted).

---

[4]If Lacey chooses to proceed on all of her claims, the Court will review her petition consistent with *Rhines v. Weber*, 125 S.Ct. 1528 (2005).

6

The Court warns Lacey that withdrawal of grounds from the instant petition may foreclose relief on those grounds in the future. In other words, any attempts by her to file subsequent habeas petitions based on those grounds will be subject to the restrictions found in 28 U.S.C. § 2244. A prisoner may be precluded from raising grounds in a subsequent motion that could have been raised in a previous motion for relief.

The Court will postpone further Rule 4 analysis pending Lacey's response to the above inquiry. Given this disposition, the Court, for the time being, will refrain from ordering the United States Marshal to serve a copy of Lacey's petition on the respondent. That order will be given, if necessary, upon the completion of the Court's Rule 4 analysis.

7

Case 2:05-cv-00496-PJG   Filed 07/21/05   Page 7 of 8   Document 7

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Lacey's Application to Proceed without Prepayment of Fees (Docket No. 2) is **GRANTED**.

Lacey **SHALL** inform the Court, no later than August 22, 2005, whether her claims related to (1) the purported failure of the prosecution to disclose favorable evidence in her criminal case and (2) the alleged insufficiency of evidence resulting in her conviction were exhausted in the Wisconsin state courts. If those claims were not exhausted, Lacey **SHALL** inform the Court whether she wishes to withdraw those claims and proceed solely on the exhausted claims in her petition.

Dated at Milwaukee, Wisconsin this 21st day of July, 2005.

BY THE COURT

s/ Rudolph T. Randa
**Hon. Rudolph T. Randa
Chief Judge**