# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**LINDA LACEY,**

        Petitioner,

    v.                                Case No.    05-C-0496

**ANA BOATWRIGHT,**
**Warden, Taycheedah Correctional Institution,**

        Respondent.

## DECISION AND ORDER

Linda Lacey ("Lacey") is currently imprisoned at the Taycheedah Correctional Institution in Fond du Lac, Wisconsin. Lacey is serving a term of life imprisonment for first-degree intentional homicide and 30 years imprisonment (followed by twenty years of extended supervision) for attempted first-degree intentional homicide. In an order and decision dated July 21, 2005, the Court granted Lacey's request to proceed *in forma pauperis* (IFP). In that same decision, the Court commenced, but ultimately postponed, its Rule 4 analysis of Lacey's petition. The Court found that three of the five grounds for relief contained in Lacey's petition had been fairly presented to the Wisconsin state courts. For the two unexhausted grounds, the Court gave Lacey various options on how she might proceed.

The Court provided a deadline for Lacey to inform the Court whether she wished to proceed on her unexhausted claims.

On August 2, 2005, Lacey sent the Court various documents and claimed that she should be allowed to proceed on her unexhausted claims. Lacey's response to the Court's July 21, 2005 order is challenging to interpret. First, Lacey claims that she can satisfy the "cause and prejudice" standard that allows petitioners to present procedurally defaulted claims to federal courts. *See Moore v. Casperson*, 345 F.3d 474, 484 (7th Cir. 2004). Despite making this representation, Lacey has not made any such showing or explained how dismissal of her unexhausted claims will result in a fundamental miscarriage of justice. Even liberally interpreting her filing, the Court finds that Lacey has proffered neither documents nor explanations showing that the grounds identified as unexhausted were, in fact, subject to a full round of state review. The more difficult question before the Court is how to proceed.

The Court is essentially back where it started when it first attempted Rule 4 analysis. Lacey has still not made clear, despite the Court's request, how she wishes to proceed with her petition. In fact, Lacy, after essentially acknowledging that certain of her claims are unexhausted, asks the Court to "preserve" her right to bring the unexhausted claims in a later petition. (*See* Docket No. 8, at 4.) This request seems to suggest that Lacey seeks a stay from the Court. On the other hand, Lacey's filings also suggest that she wishes to move forward on her petition. Lacey has not explicitly requested a stay or withdrawal of her

2

petition. The Court sees little alternative but to dismiss the unexhausted grounds in the petition.

There is one more point that requires treatment. Lacey asks the Court to re-categorize her two unexhausted claims as arguments supporting her claimed violation of the right to effective assistance of counsel. Lacey asks the Court to treat these "grounds" as "mislabelled" arguments, which she intended to raise in support of her claim of ineffective counsel. In other words, effective counsel would have objected to the prosecution's failure to disclose evidence and the insufficiency of the evidence that led to Lacey's conviction. The Court need not recharacterize any portions of Lacey's petition. Lacey may certainly raise those arguments and claims, which she exhausted before the state courts. (*See Bintz v. Bertrand*, 403 F.3d 859, 863 (7th Cir. 2005) ("In the state courts, the petitioner must present both the operative facts and legal principles that control each of his claims.").) However, she cannot circumvent fair presentment requirements by re-characterizing unexhausted claims as operative facts or legal principles undergirding exhausted claims if those supporting arguments were not made before the state courts.

Lacey's unexhausted claims are dismissed. Based on the record before it related to Lacey's three remaining, exhausted grounds, the Court cannot say that it plainly appears from her petition that Lacey is not entitled to relief.

3

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Lacey's claims– related to the failure of the prosecution to disclose evidence and the insufficiency of the evidence resulting in her conviction–are **DISMISSED** as unexhausted.

The Respondent shall file an answer, motion, or other response by May 29, 2006, to the three remaining grounds for relief contained in Lacey's petition.

Dated at Milwaukee, Wisconsin this 20th day of April, 2006.

                                          **BY THE COURT**

                                          s/ Rudolph T. Randa
                                          **Hon. Rudolph T. Randa**
                                          **Chief Judge**