# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LINDA LACEY,

    Petitioner,

v.                                        Case No. 05-C-496

ANA BOATWRIGHT, Warden,
Taycheedah Correctional Institution,

    Respondent.

## DECISION AND ORDER

        On May 3, 2005, petitioner Linda Lacey filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner is serving a term of life imprisonment for first-degree intentional homicide and 30 years imprisonment for attempted first-degree intentional homicide. In a July 21, 2005, Decision and Order, Chief United States District Judge Rudolph T. Randa identified five grounds for relief raised by the petition: (1) deficient search warrants resulted in an unconstitutional search and seizure; (2) ineffective assistance of trial counsel; (3) prosecution failed to disclose evidence favorable to the defense; (4) insufficient evidence to support the conviction; and (5) violation of the right to a speedy trial.

        On April 20, 2006, Judge Rudolph T. Randa dismissed the petitioner's claims related to the failure of the prosecution to disclose evidence and the insufficiency of the evidence resulting in her conviction as unexhausted claims. In the Decision and Order, Judge Randa concluded that the petitioner could proceed with her three remaining claims. Therefore, Judge Randa ordered the respondent to "file an answer, motion or other response." (Court's April 20,

2006, Decision and Order at 4). On May 5, 2006, the respondent filed a motion to dismiss for failure to state a claim as to one ground and for procedural default as to the remaining grounds.

The court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the matter arises under federal statutes. Venue is proper under 28 U.S.C. § 1391. The case was assigned according to the random assignment of civil cases pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72.1 (E.D. Wis.). The parties have consented to United States magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General Local Rule 73.1 (E.D. Wis).

The petitioner claims that her Fourth Amendment protection against unreasonable searches and seizures was violated because the search warrants did not list the address searched and were signed by a court commissioner, not a judge. The respondent argues, and the court agrees, that the petitioner's claim is barred by Stone v. Powell, 428 U.S. 465 (1976).

In Stone, the Supreme Court held that "where the state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at this trial." 428 U.S. at 466. "[This] is because even if there had been an illegal search or seizure, there is no constitutional right to be vindicated through the writ of habeas corpus – there is no individual right to have improperly gathered evidence excluded from a criminal trial." Holman v. Page, 95 F.3d 481, 489 (7th Cir. 1996). Rather, "[t]he primary justification for the exclusionary rule . . . is the deterrence of police conduct that violates Fourth Amendment rights.'" Id. (quoting Stone, 428 U.S. at 486). The Supreme Court "determined that a fair opportunity to argue for suppression

2

at trial and on appeal is sufficient to deter police violations of the Fourth Amendment." Id. at 489.

The court of appeals for this circuit has consistently held that a claim is barred by Stone if the petitioner argues that the state court made a mistake in applying Fourth Amendment law. Turentine v. Miller. 80 F.3d 222, 225-26 (7th Cir. 1996). Review of a Fourth Amendment claim is "reserved for instances where the state court made an egregious error (e.g., failed to apply Supreme Court precedent directly on point after the argument was clearly presented), thus effectively depriving the petitioner of the ability to vindicate his federal rights in State court." Id. at 226. Therefore, Fourth Amendment claims "are not subject to collateral review merely because the federal courts would have decided the issue differently." Dortch v. O'Leary, 863 F.2d 1337, 1342 (7th Cir. 1988) (quoting United States ex rel. Maxy v. Morris, 591 F.2d 386, 389 [7th Cir. 1979]).

In this case, the petitioner was afforded an opportunity for full and fair litigation of her Fourth Amendment claims. There is no indication that the state courts made the type of egregious error that would warrant habeas review on this issue. Accordingly, the petitioner's Fourth Amendment claim is not subject to collateral review and the respondent's motion to dismiss as to this claim will be granted.

The respondent contends that the petitioner procedurally defaulted her remaining claims by failing to present them to the Wisconsin Supreme Court in her petition for review.

The Court of Appeals for the Seventh Circuit has held that 28 U.S.C. § 2254 requires that:

> Before considering a petition for habeas corpus on its merits, a district court must make two inquiries - whether the petitioner exhausted all available state remedies and whether the petitioner raised all his claims during the course of the state

3

proceedings. If the answer to either of these inquiries is 'no,' the petition is barred either for failure to exhaust state remedies or for a procedural default.

Verdin v. O'Leary, 972 F.2d 1467 (7th Cir. 1992) (quoting Henderson v. Thieret, 859 F.2d 492, 496 [7th Cir. 1988]). Thus, the petitioner first must give the state courts a fair opportunity to address her claims and to correct any error of constitutional magnitude. O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999).

The issue of "fair presentment" is also a useful approach for analyzing procedural default. Verdin, 972 F.2d at 1473 (citing United States ex rel. Sullivan v. Fairman, 731 F.2d 450, 453 n.4 [7th Cir. 1984]["The analysis dealing with whether a state court has been fairly apprised of potential constitutional ramifications of a claimed trial court error is equally applicable to waiver cases."]). A petitioner must have presented his claims "at the time and in the way required by state law." Franklin v. Gilmore, 188 F.3d 877, 881 (7th Cir. 1999).

In order to avoid procedural default, a petitioner must fairly present a claim "at each and every level in the state court system . . .." See Lewis v. Sternes, 390 F.3d 1019, 1025 (7th Cir. 2004) (citing O'Sullivan, 526 U.S. at 844-45). The Court of Appeals for the Seventh Circuit explained that "[a] habeas petitioner who has exhausted his state court remedies without properly asserting his federal claim at each level of state court review has procedurally defaulted that claim." Lewis, 390 F.3d at 1026 (internal citations omitted). Thus, a petitioner procedurally defaults on any claims she fails to present in a petition for discretionary review to the state supreme court. Rodriguez v. Scillia, 193 F.3d 913, 917 (7th Cir. 1999).

In this case, the petitioner filed a pro se petition for review in the Wisconsin Supreme Court. In her petition for review, the petitioner did not raise any claim of ineffective assistance of counsel or speedy trial violation. Accordingly, the petitioner procedurally defaulted on these

4

claims because she failed to include them in her petition for review. See O'Sullivan, 526 U.S. at 845 (Before presenting a claim in federal court, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.").

Because this court finds that the petitioner's ineffective assistance of counsel claim and her speedy trial violation claim are procedurally defaulted, it may grant habeas relief on these grounds only if the petitioner can show cause and prejudice for her failure to exhaust her claims, or that failure to review would result in a fundamental miscarriage of justice. Todd v. Schomig, 283 F.3d 842, 848 (7th Cir. 2002). "The Supreme Court has defined cause sufficient to excuse procedural default as 'some objective factor external to the defense' which precludes petitioner's ability to pursue his claim in state court." Dellinger v. Bowen, 301 F.3d 758, 766 (7th Cir. 2002) (quoting Murray v. Carrier, 477 U.S. 478, 488 [1986]). A "fundamental miscarriage of justice" is shown where "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Rodriguez v. Scillia, 193 F.3d at 917 (quoting Murray, 477 U.S. at 495-96). "This standard requires a petitioner to show that it is more likely than not that no reasonable juror would have convicted him." Rodriguez, 193 F. 3d at 917.

The petitioner has not presented any evidence pertaining to the cause for her procedural default. Additionally, the petitioner has not attempted to show [and there is nothing in the record to show] that she was wrongly convicted. See Howard v. O'Sullivan, 185 F.3d 721, 726 (7th Cir. 1999). In other words, the petitioner has not "made an attempt to show actual innocence, as opposed to legal innocence, as required to support the finding of a fundamental miscarriage of justice." Spreitzer v. Schomig, 219 F.3d 639, 648-49 (7th Cir. 2000). The petitioner has failed "to show that it is more likely than not that no reasonable juror would have

5

convicted [her]." Rodriguez, 193 F.3d at 917. Therefore, this court is barred from reviewing the petitioner's claims that her speedy trial rights were violated and her counsel was ineffective. See Spreitzer, 219 F.3d at 648. Accordingly, the respondent's motion to dismiss will be granted.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the respondent's motion to dismiss be and hereby is **granted**. (Docket #17).

**IT IS FURTHER ORDERED** that petitioner's petition for a writ of habeas corpus be and hereby is **denied.**

**IT IS ALSO ORDERED** that this action be and hereby is **dismissed.**

**FINALLY, IT IS ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 29th day of January, 2007.

BY THE COURT:

s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge